UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KENNETH V. WILSON,

    Plaintiff,                                    Case No. 3:20-cv-361

vs.

WRIGHT PATTERSON AFB, *et al.*,        District Judge Thomas M. Rose
                                                     Magistrate Judge Michael J. Newman

    Defendants.

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DOC. 1)**

**\*\*\*\***

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS UNDER 28 U.S.C. § 1915; (2) SERVICE OF PROCESS NOT ISSUE; AND (3) THIS CASE BE TERMINATED ON THE DOCKET**
_____

        This civil case is before the Court on *pro se* Plaintiff's motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. Doc. 1. For good cause shown, the undersigned **GRANTS** Plaintiff's motion. Doc. 1. Because Plaintiff is proceeding IFP, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is "frivolous or malicious or fails to state a claim upon which relief may be granted." *Johnson v. City of Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012); *Brewer v. Cleveland Mun. Sch. Dist.*, 84 F. App'x 570, 571 (6th Cir. 2003).

        In his *pro se* complaint, Plaintiff alleges that some unknown individual or entity "stole" a military contract fifty years ago from Wright Patterson Air Force Base and that, at the age of 9, he

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

"was taken from [his] home to Wright Patterson [Air Force] Base and a chip was put in [his] head[.]" Doc. 1-2 at PageID 9. These allegations can aptly be characterized as "describing fantastic or delusional scenarios"; thus, satisfying the definition of frivolousness. *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989).

Accordingly, the undersigned **RECOMMENDS** that: (1) Plaintiff's *pro se* complaint be **DISMISSED** as frivolous under 28 U.S.C. § 1915; (2) service of process not issue; and (3) this action be **TERMINATED** on the Court's docket.


Date:  August 27, 2020                    s/ Michael J. Newman
                                          Michael J. Newman
                                          United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).